**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JOSE ANTONIO A.D.L.L.,

Petitioner,

v.

TODD BLANCHE, Attorney General, MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID VENTURELLA, Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; RYAN SHEA, Sheriff of Freeborn County, and; MIKE STASKO, Jail Administrator of the Freeborn County Adult Detention Center,

Respondents.

Case No. 26-CV-4812 (NEB/DJF)

ORDER ON
PETITION FOR
WRIT OF HABEAS CORPUS

---

This matter is before the Court on Petitioner Jose Antonio A.D.L.L.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Petitioner is a citizen of Mexico who has lived in the United States since 2016 when he entered the country without inspection. He is married to a United States citizen and has two United States Citizen children, the eldest of whom is currently undergoing cancer treatment and relies on Petitioner's help and support. (Pet. ¶ 2.)

Petitioner has one misdemeanor conviction for domestic assault that was continued for dismissal pending completion of a domestic violence program. (Pet. ¶¶ 15–18.) A warrant was put out for his arrest on March 28, 2024 after he did not complete the program and failed to appear for a probation violation hearing. (*Id.*)

On September 10, 2026, local police arrested Petitioner pursuant to the 2024 warrant. (*Id.* ¶ 19.) On September 11, 2026, the Dakota County District Court ordered Petitioner to be released. Immediately upon release from Dakota County custody, Immigration and Customs Enforcement ("ICE") took Petitioner into custody based on an I-200 warrant dated September 10, 2026. The Notice to Appear in this case is dated September 11, 2026. (ECF No. 1-6.)

Afterwards, Petitioner filed this habeas action challenging his detention under 28 U.S.C. § 2241.

## I. Validity of Warrant

"Like any federal agency, ICE 'literally has no power to act—including under its regulations—unless and until Congress authorizes it to do so by statute.'" *Luis A.S. v. Easterwood*, No. 26-CV-2447 (PJS/DTS) (D. Minn. May 26, 2026), ECF No. 9 at 2 (quoting *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 301 (2022)). The Immigration and Nationality Act provides two mechanisms by which "it is appropriate to arrest an alien during the removal process." *Arizona v. United States*, 567 U.S. 387, 407 (2012). First, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Second, under 8 U.S.C. Section 1357(a)(2), ICE has "limited authority" to make warrantless arrests. *Arizona*, 567 U.S. at 408.

Under ICE's regulations, a Form I-200 warrant authorizes a non-citizen's arrest if it is issued "[a]t the time of issuance of the [NTA], or at any time thereafter and up to the time removal proceedings are completed." 8 C.F.R. § 236.1(b)(1). In other words, "[ICE] may arrest a non-citizen using a Form I-200 only if the Form I-200 issues at the same time

or after DHS issues an NTA." *Vladimir G. v. Easterwood*, No. 26-CV-2971 (JMB/ECW), 2026 WL 1786418, at *2 (D. Minn. June 22, 2026).

The language of the regulation is clear—the sequencing matters and an NTA must be issued before a Form I-200. The Form I-200 warrant empowers ICE to arrest noncitizens during removal proceedings, and the NTA is what initiates removal proceedings. 8 C.F.R. § 236.1(b)(1); 8 U.S.C. § 1229(a)(1) (stating that ICE "shall" give noncitizens in removal proceedings "written notice" of the proceedings in the form of a "notice to appear"). "Thus, a warrant issued before removal proceedings have begun purports to exercise authority that does not yet exist." *Jesus F.D. v. Mullin*, No. 26-CV-2486 (PJS/DTS) (D. Minn. June 10, 2026) ECF No. 10 at 5.

Here, the Form I-200 was issued before the Notice to Appear (ECF No. 1-6 (dated September 11, 2026); ECF No. 1-5 (dated September 10, 2026).) The Form I-200 is invalid, so Petitioner's arrest was functionally warrantless. *Vladimir G.*, 2026 WL 1786418, at *3.

## II. Statutory Basis for Detention

Respondents' own records show that ICE detained Petitioner pursuant to 8 U.S.C. § 1226(a), but they make the argument now that Petitioner is detained under § 1225(b)(2). (ECF No. 1-5; ECF No. 6.) Courts in this District have repeatedly rejected the argument that Section 1225 detention is justified where the Government's own records reflect that detention was initiated under Section 1226. *See Armindo H.V. v. Blanche*, No. 26-CV-3950 (NEB/EMB), at 5 (D. Minn. Sept. 28, 2026) (collecting cases). The Court will hold Respondents to their words and find Respondents detained Petitioner under Section 1226.

## III. Warrantless Arrest

The next question is whether ICE lawfully detained Petitioner without a warrant under Section 1226. 8 U.S.C. § 1357(a)(2) authorizes an immigration officer to effectuate a warrantless arrest of a noncitizen "if he has reason to believe that the alien so arrested is in the United States in violation of any [immigration] law or regulation and is likely to escape before a warrant can be obtained for his arrest." (emphasis added). Courts construe "reason to believe" to mean "constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

Respondents raise no argument that they had probable cause to conclude that Petitioner was "likely to escape" when they executed a warrantless arrest. (*See generally* ECF No. 6.) In similar situations when officers violate 8 U.S.C. § 1357(a)(2), courts in this district have ordered immediate release as a remedy. *See, e.g.*, *Ahmed S. v. Blanche*, No. 26-CV-2265 (KMM/DLM), 2026 WL 1998718, at *7 (D. Minn. July 10, 2026) (collecting cases). This Court will do the same.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

   a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

b. ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two hours' advance notice to counsel Matthew Beyer: phone (612-528-0579); matthew.beyer@huschblackwell.com, but not later than 24 hours after entry of this Order;

c. ORDERS that, within **four days** of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 24, 2026

BY THE COURT:
s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge